**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEONTRAE JACKSON,** | : | **CIVIL ACTION NO. 1:14-CV-0393** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JONATHAN CONFER and THOMAS MASE,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 21st day of August, 2014, upon consideration of the request (Doc. 8) filed by *pro se* plaintiff Deontrae Jackson ("Jackson") seeking to voluntarily withdraw the complaint (Doc. 1) in the above-captioned matter, and further upon consideration of the report and recommendation (Doc. 11) of Magistrate Judge Susan E. Schwab, wherein Judge Schwab recommends the court grant Jackson's motion (Doc. 5) seeking to proceed *in forma pauperis* and grant Jackson's request to withdraw his complaint (Doc. 1), but deny his request for a refund of the portion of the filing fee already deducted from his prisoner account, and following an independent review of the petition, the court agreeing with Judge Schwab's proposed disposition of Jackson's request, and it appearing that Jackson has not objected to the report, and that there is no clear error on the face of the

record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to

timely object to [a report and recommendation] in a civil proceeding may result in

forfeiture of *de novo* review at the district court level"), it is hereby **ORDERED** that:

1.     The report (Doc. 11) of Magistrate Judge Susan E. Schwab is **ADOPTED** in its entirety.

2.     Plaintiff's second motion (Doc. 5) to proceed *in forma pauperis* is **GRANTED** and the first motion (Doc. 2) to proceed *in forma pauperis* is **DENIED** as moot.

3.     The complaint (Doc. 1) is deemed **WITHDRAWN** without prejudice.

4.     The Clerk of Court shall **CLOSE** this case.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the magistrate judge's report in accordance with this Third Circuit directive.